# APPELLANT'S BRIEF APPENDIX C

# Order Denying Motion of the United States Trustee to Appoint a Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                    :
In re:                                              :    Chapter 11
                                                    :
BAYOU GROUP, LLC, et al.,                           :    Case No.: 06-22306 (ASH)
                                                    :
                                   Debtors.         :    Jointly Administered
                                                    :
------------------------------------------------------------- X

## ORDER DENYING MOTION OF THE UNITED STATES
## TRUSTEE FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Upon the motion, dated June 20, 2006, (the "Motion") of the United States Trustee for

Region 2 seeking the entry of an order appointing a chapter 11 trustee for Bayou Group, LLC

and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"); and the Court having considered the objections of the Debtors and the Official

Unsecured Creditors' Committee in opposition to the Motion, the response (the "Garfinkel

Response") of Eric and Diane Garfinkel in support of the Motion, and the Debtors' response to

the Garfinkel Response; and a hearing (the "Hearing") having been held before this Court on

June 29, 2006; and it appearing that proper and adequate notice of the Motion has been given and

no other and further notice is necessary; and after due deliberation thereon; and in accordance

with Rule 7052(a) of the Federal Rules of Bankruptcy Procedure, the Court having read its

findings of fact and conclusions of law into the record at the Hearing; and for the reasons stated

on the record at the Hearing, it is hereby

ORDERED, ADJUDGED, AND DECREED that

The Motion is denied in its entirety on the grounds articulated by this Court on the record

at the Hearing as recorded in the transcript separately docketed.

Dated: White Plains, New York
       June 30, 2006

                                   /s/Adlai S. Hardin, Jr.

                                   _____
                                   United States Bankruptcy Judge

# APPELLANT'S BRIEF APPENDIX D

# Motion of the United States Trustee to Appoint a Trustee

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

In re

BAYOU GROUP, LLC, et. al.,

                              Debtors.

-------------------------------------------------------------

HEARING DATE:
HEARING TIME:

x
:    Case No. 06-22306 (ASH)
:
:    Chapter 11
:    Jointly Administered
:
:    **NOTICE OF MOTION TO APPOINT**
:    **A CHAPTER 11 TRUSTEE**
x

       PLEASE TAKE NOTICE that upon the annexed Motion, the United States Trustee for Region

2 has asked the Court to set an expedited hearing on the Motion to Appoint a Chapter 11 Trustee.  A

separate notice of hearing will be sent.  As soon as counsel can be heard, the United States Trustee will

ask for a hearing to evaluate why an order should not be entered appointing a chapter 11 trustee or

granting other and further relief as this Court may deem just and proper.  The original motion and

memorandum of law are on file with the Clerk of the Bankruptcy Court.

       PLEASE TAKE FURTHER NOTICE that the United States Trustee has asked the  Court

to require responses by Wednesday, June 28, 2006, and to set a hearing the same day.  You should

monitor the Court's docket for scheduling information.  Any responsive papers should be filed

with the Court and personally served on the United States Trustee, at 33 Whitehall Street, 21st

Floor, New York, New York 10004-2112, to the attention of Lisa L. Lambert. Such papers shall

conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers

are submitted, the nature of the response, and the basis for such response.

Dated:       New York, New York
            June 20, 2006
                                  DIANA G. ADAMS,
                                  ACTING UNITED STATES TRUSTEE

                  By:     */s/ Lisa L. Lambert (LLL4913)*
                          Lisa L. Lambert
                          Trial Attorney
                          33 Whitehall Street, 21st Floor
                          New York, New York 10004-2112
                          Tel. No. (212) 510-0500
                          Fax. No. (212) 668-2255



UNITED STATES BANKRUPTCY COURT          HEARING DATE:
SOUTHERN DISTRICT OF NEW YORK           HEARING TIME:
-------------------------------------------------------- x
                                        :
In re                                   :
                                        :   Case No. 06-22306 (ASH)
BAYOU GROUP, LLC, et. al.,              :
                                        :   (Chapter 11)
                        Debtors.        :
                                        :
-------------------------------------------------------- x

## UNITED STATES TRUSTEE'S MOTION TO APPOINT
## A CHAPTER 11 TRUSTEE

TO THE HONORABLE ADLAI S. HARDIN,
U.S. BANKRUPTCY JUDGE:

The United States Trustee for Region 2 moves the Court to order the appointment of a

chapter 11 trustee in the Bayou Group's bankruptcy cases (collectively "Bayou"). In support, the

United States Trustee respectfully represents:

### Overview

Under the Bankruptcy Code, a trustee must be appointed to administer a chapter 11 case if

the debtor cannot properly fill the role of debtor in possession. In this case, neither Bayou's former

management nor the custodian can perform the duties of a debtor-in-possession. Bayou's former

managers have entered guilty pleas on federal fraud charges arising from their misappropriation of

Bayou hedge fund assets. Joseph Marwil, the federal equity receiver, is a custodian, and the

Bankruptcy Code limits a custodian's powers. This Court should authorize the appointment of a

chapter 11 trustee to rectify the absence of appropriate fiduciary management of this bankruptcy

case. "Cause" exists for the appointment of a chapter 11 trustee -- Bayou cannot exercise the

powers and perform the duties of a trustee as a debtor in possession, and the receiver is not

empowered under the Bankruptcy Code to exercise those powers and duties. Furthermore,

appointing a chapter 11 trustee serves the "interests of creditors" by assuring that the fiduciary

duties and powers of a trustee are exercised by an officer clearly empowered under the Bankruptcy

Code. .

### Factual Statement

1.     Bayou was promoted as a group of hedge funds, but its management misappropriated

investors' assets and falsified financial reporting.  The two key managers entered guilty pleas on the

federal charges that resulted from these actions.  *See Transcripts of Guilty Pleas, Exhibit A and B to*

*Bayou Group LLC v. UT Medical Group Basic Pension Plan*, Adv. No. 06-8292.

2.     As evidenced by Bayou's failure to respond to the creditors' federal district court

action, the managers have not been managing the business.

3.     Accordingly, Bayou has no corporate management to manage Bayou as debtor in

possession.

4.     Before the filing of the bankruptcy petitions, a group of Bayou investors formed an

Unofficial Committee of Investors and filed a lawsuit seeking the appointment of a federal equity

receiver.  *Complaint, docket entry 1, filed 03/27/06, Unofficial On-Shore Creditors' Committee v.*

*Bayou Group, LLC, 06-cv-2379, subsequently consolidated with In re Bayou, O6 MDL 1755; see*

*Order of Consolidation, docket entry 27, entered 04/21/06.*

5.     The federal district court entered an order appointing Jeffrey Marwil, an attorney

with Jenner & Block, as federal equity receiver.  The Order Granting the Unofficial On-Shore

Creditors' Committee's Motion to Appoint a Receiver provides that Marwil would

> [S]ucceed to be the sole and exclusive managing member and representative of each of
> the Bayou Entities with the sole and exclusive power and authority to manage and direct
> the business  and financial affairs of the Bayou Entities, including without limitation, the
> authority to petition for protection under the Bankruptcy Code . . . for any or all of the
> Bayou Entities and in connection therewith be and be deemed a debtor-in-possession for

any or all of the Bayou Entities in proceedings under Chapter 11 of the Code, and prosecute such adversary proceedings and other matters as may be permitted under the Code and/or applicable law . . . .

*On-Shore Federal Equity Receiver Order,* ¶ *7(e) docket entry docket entry 12, entered 05/03/06; In re Bayou Group, LLC,* No. 06 MDL 1755; 06-cv-2379.

### Legal Analysis and Argument

6.       Under the Bankruptcy Code, the court must order the appointment of a chapter 11 trustee when "cause" exists or when "such appointment is in the interests of creditors." *11 U.S.C. §1104(a)(1),(2).* Like all other chapter 11 cases where the debtor is not in possession, the Bayou case must be administered by a disinterested trustee who has clear legal authority to pursue litigation and to propose a plan. The Bankruptcy Code defines all receivers, including Marwil, as custodians, and the Bankruptcy Code severely limits the ability of a custodian or receiver to act as a fiduciary in a bankruptcy case. "Cause" therefore exists for the appointment of a chapter 11 trustee -- Bayou cannot exercise the powers and perform the duties of a trustee as a debtor in possession, and the receiver is not empowered under the Bankruptcy Code to exercise those powers and duties. Furthermore, appointing a chapter 11 trustee will serve the "interests of creditors" by assuring that the fiduciary duties and powers of a trustee are exercised by an officer clearly empowered under the law to do so.

7.       The federal district court appointed Marwil as a federal equity receiver. "[A] receiver is the agent only of the court appointing him; he represents the court rather than the parties. He is custodian of property which is under the control of the court." *Ledbetter v. Farmers Bank & Trust Co.,* 142 F.2d 147, 150 (4th Cir. 1944). "The scope of federal equity receivership in this country has diminished sharply as the scope of bankruptcy practice and other statutory receiverships have enlarged." Charles A. Wright & Arthur R. Miller *Federal Practice & Procedure* § 2966. The

federal district court emphasized that the receivership terms were subject to the Bankruptcy Code. *Cf. On-Shore Federal Equity Receiver Order, ¶ 7(e)* (noting "as authorized by the Code")

8.    Upon the filing of the bankruptcy cases, Marwil became a custodian and his role in the case is accordingly limited. "A receiver or trustee of any of the property of the debtor, appointed in a case . . . not under this title" is a "custodian." *11 U.S.C. § 101(11)(a-b).* As a custodian, Marwil cannot "take any action in the administration of [] property of the debtor . . . or property of the estate . . . except such action as is necessary to preserve such property." *11 U.S.C. § 543(a).*

9.    Marwil must turn over "any property of the debtor held by or transferred to such custodian" to a trustee or the debtor-in-possession. *11 U.S.C. § 543(b)(1); cf. 11 U.S.C. § 1107(a) (defining duties of debtor-in-possession as echoing those of a trustee).* Bayou does not have responsible management in place, so Marwil cannot turn the property over to a debtor-in-possession.[1]

10.    The Court cannot order Marwil's appointment as a receiver under the Bankruptcy Code. "A court may not appoint a receiver under . . . title [11]." *11 U.S.C. § 105(b).* "[T]he bankruptcy judge is prohibited from appointing a receiver . . . under any circumstances. The Bankruptcy Code has ample provision for the appointment of trustees when needed. Any appointment of a receiver would simply circumvent the established procedures." *H.R.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977).*

11.    Even when the turnover requirements are modified pursuant to § 543(d)(1), a receiver may not act as a trustee or debtor in possession. "Since no section of the Code includes a receiver who remains in possession within the definition of trustee, the receiver does not take on the

---

[1] On June 13, 2006, Marwil filed with this Court a document entitled "Notice of Compliance with Bankruptcy Code § 543. In this document, Marwil acknowledges that he had the legal obligation to turn over assets of the estates to a debtor in possession. He purports to have complied with this obligation by turning the assets over *to himself*. Under this circular construction of section 543, Marwil is a receiver

obligations and duties of a Chapter 11 trustee nor the somewhat different ones of a debtor-in-possession.  Simply put the receiver has absolutely no responsibility . . . to perform any other duties which are the prerogative and burden of a debtor-in-possession and a trustee." *In re 400 Madison Ave. Ltd. Partnership*, 213 B.R. 888 (Bankr. S.D.N.Y. 1997).  When a debtor in possession cannot perform these obligations and duties, these tasks must be delegated to a trustee.  The District Court appointing Marwil was a stop-gap measure and cannot remove the Bankruptcy Court's obligation to establish proper fiduciary control of these cases in accordance with the requirements of the Bankruptcy Code.  The appointment of a chapter 11 trustee avoids standing and procedural issues.

12.    The need to establish control in the Bayou case in a properly empowered officer of the court establishes cause to appoint a chapter 11 trustee.  Section 1104 mandates appointment of a trustee "for cause, including fraud, dishonesty, incompetence or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar case" *11 U.S.C. § 1104(a)(1).*  The Second Circuit recognizes that the phrase "cause, including" encompasses other types of cause than the examples in the itemized list.  *See C-TC 9th Ave. Partnership v. Norton Co. (In re C-TC 9th Ave. Partnership)*, 113 F.3d 1304, 1311 (2d Cir. 1997) (construing "cause, including" in context of section 1112, the dismissal or conversion statute; specifying that list following "including" is "illustrative not exhaustive;" and holding that "bad faith" could be additional type of cause); *11 U.S.C. § 102(3)* ("including" is "not limiting").

13.    Two circuits have held that "cause" exists when appointing a chapter 11 trustee "is the only effective way to pursue reorganization." *Cajun Elec. Power Coop., Inc. v. Central La. Elec. Coop., Inc. (In re Cajun Elec. Power Coop., Inc.)*, 74 F.3d 599, 600 (5th Cir.) (adopting on rehearing the opinion of dissent in 69 F.3d 746, 751), *cert. denied*, 519 U.S. 808 (1996); *see also In re Marvel*

for all purposes under the Bankruptcy Code, yet section 105 proscribes this result.

*Entertainment Group, Inc.*, 140 F.3d 463 (3d Cir. 1998) (adopting reasoning of *Cajun Electric*. and affirming appointment of trustee when acrimony between debtor's management and creditors undermined any ability to prosecute bankruptcy case). While *Cajun Electric* and *Marvel* have factual distinctions, both *Cajun Electric* and *Marvel* focused on the underlying problem that exists in the Bayou case: this case can proceed properly through the chapter 11 process only if a chapter 11 trustee is appointed.

14.    Alternatively, the Court must order the appointment of a chapter 11 trustee because the appointment will assure that Bankruptcy Code duties and powers are performed and exercised by a properly empowered person. This resolution "is in the interests of creditors." *11 U.S.C. § 1104(a)(2)*. The "interests of creditors" standard is flexible. *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 474 (3d Cir. 1998).

15.    The Bayou investors have an interest in having this case resolved cost-effectively and quickly. As litigation commences to recover redemption proceeds, redemption recipients will invoke any available defenses. Skirmishes about Marwil's standing and his compliance with bankruptcy law will undoubtedly delay case administration, increase costs, and undermine public confidence in the efficacy of the bankruptcy process. The appointment of a chapter 11 trustee will remove any doubt over the authority of the person administering the estates and will therefore foster the interests of the investors.

**The Court should waive the briefing requirement**

16.     Because this Motion does not raise any novel questions of law, the United States Trustee requests that the Court waive the separate briefing requirement set forth in Local Bankruptcy Rule 9013-1(b).

**Conclusion**

Bayou defrauded its investors before the filing of these cases.  Litigation is just commencing in this bankruptcy case to return redemptions.  "This is a large and messy bankruptcy that promises to get worse without a disinterested administrator at the helm." *Cajun Elec. Power Coop., Inc. v. Central La. Elec. Coop., Inc. (In re Cajun Elec. Power Coop., Inc.),* 74 F.3d 599, 600 (5th Cir.) (adopting on rehearing the opinion of dissent in 69 F.3d 746, 751), *cert. denied,* 519 U.S. 808 (1996).  Whether the Court orders the appointment "for cause" or for the "interests of creditors" and the public, the facts here mandate the appointment of a chapter 11 trustee.

WHEREFORE, the United States Trustee respectfully requests that the Court enter a final order granting this Motion, requiring the United States Trustee to appoint a chapter 11 trustee, and granting further proper relief.

Respectfully submitted,

DIANA G. ADAMS,
ACTING UNITED STATES TRUSTEE

/s/ Lisa L. Lambert    (LLL4913)
Lisa L. Lambert
Trial Attorney
33 Whitehall, 21st Floor
New York, NY 10280
(212) 510-0500
(212) 668-2255 (facsimile)

UNITED STATES BANKRUPTCY COURT      **HEARING DATE:**
SOUTHERN DISTRICT OF NEW YORK      **HEARING TIME:**

------------------------------------------------------- x
                               :

In re                          :

                          :    Case No. 06-22306 (ASH)

BAYOU GROUP, LLC, et. al.,      :    (Chapter 11)

                          :

              Debtors.    : **Notice of United States Trustee's**

                          : **Motion to Appoint a Chapter 11 Trustee**

------------------------------------------------------- x


### AFFIRMATION OF SERVICE

Lisa L. Lambert affirms under penalty of perjury that the following is true and correct:

     1.       I am a trial attorney with the Office of the United States Trustee for the Southern District of New York.

     2.       On June 20, 2006, I caused a true and correct copy of the Notice of United States Trustee's Motion to Appoint a Chapter 11 Trustee to be served by regular mail upon the parties listed on the attached list by depositing a true copy of same in a sealed envelope, with postage pre-paid thereon, in an official depository of the U.S. Postal Service within the City and State of New York.

                                          */s/ Lisa L. Lambert (LLL4913)*
                                           Lisa L. Lambert

Margery Feinzig
Asst. U.S. Attorney -- Criminal Division
U.S. Attorneys Office -- SDNY
300 Quarropas Street Third Floor
White Plains, NY 10601

Elise Frejka Dechert LLP
30 Rockefeller Plaza
New York, New York 10112
Business: (212) 649.8734
E-mail: elise.frejka@dechert.com

J. Andrew Gershman Benson Torress &
Friedman, LLP 1633 Broadway
New York, NY 10019

Richard A. Kirby
Preston, Gates, Ellis & Rouvelas
1735 New York Ave., Suite 500
Washington, DC 20006-5209

Paul Kislllinger,
Asst. Chief Litigation Counsel Enforcement
Division
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4010

Sharon Levin
U.S. Attorneys Office
One St. Andrews Plaza
New York, NY 10007-1701

Jeff J. Marwil
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603
Email: jmarwil@jenner.com

Christine M. Ryall
Division of Enforcement
Commodity Futures Trading Commission
1155 21st St. N.W.
Washington, DC 200581

Joseph F. McDonough
Manion, McDonough & Lucas, P.C.,
Suite 1414, U.S. Steel Tower,
600 Grant Street,
Pittsburgh, PA 15219

Ross B. Intelisano
Rich & Intelisano
1 Trinity Centre
111 Broadway, Suite 1303
New York, NY 10006

c/o James K. O'Brien,
PMC Sierra, Mission Towers,
3975 Freedom Circle, Suite 300
Santa Clara, CA 95054

Jonathan Fisher, Esq.
Silver Creek Capital Management
1301 5th Avenue, Suite 4000
Seattle, WA 98101-2663

Brigitte T. Nuss Kocheny
Gardner Carton & Douglas, LLP
191 North Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698

David M. Martin,
Foster Holdings,
681 Andersen Drive
Pittsburgh, PA 15220

Leon Myers
The Mosaic Fund L.P.
680 Fifth Avenue
New York, New York 10019

Mark Harmon
Hodgson Russ, LLP
60 East 42nd Street, 37th Floor
New York, NY 10165

Hill Family Interests
c/o Roger Hill, Jr.
511 Broadway
San Antonio, TX 78209

David K. Herzog, Esq.
Baker & Daniels
Suite 2700
300 North Meridian Street
Indianapolis, IN 46204

Scott Berman, Esq.,
Friedman Kaplan Seiler & Adelman, LLP
1633 Broadway
New York, NY 10019

John E. Trabucco,
Arch Street Management LLC,
2790 Mosside Blvd., Suite 610
Monroeville, PA 15146

James Martin
3340 Peachtree Road
Suite 1940
Atlanta, GA 30326

Chaim Charytan
56-45 Main Street
Flushing NY 11355

John H. William
804 Highwoods Drive,
Franklin Lakes, NJ 07417

James K. O'Brien
PMC Sierra, Mission Towers,
3975 Freedom Circle, Suite 300
Santa Clara, CA 95054,

Donald F. McKee and Elizabeth Rader
825 Annesdale Drive
Cincinnati, OH 45243

William E. Spiro,
1020 Nautilus Lne,
Mamoroneck, NY 10543,

Mark A. Nebrig,
Moore & VanAllen PLLC,
100 North Tryon Street, Suite 4700
Charlotte, NC 28202-4003

Arthur Brainson,
Pasternak, Baum & Co.
500 Mamaroneck Avenue
Harrison, New York 10528

# APPELLANT'S BRIEF
# APPENDIX E

# Bankruptcy Court's
# Docket Sheet

APPEAL, Lead

## U.S. Bankruptcy Court
## Southern District of New York (White Plains)
## Bankruptcy Petition #: 06-22306-ash

*Assigned to:* Judge Adlai S. Hardin Jr.
Chapter 11
Voluntary
Asset

*Date Filed:* 05/30/2006

| | | |
|---|---|---|
| **Bayou Group, LLC**<br>Jeff J. Marwil<br>c/o Jenner & Block LLP<br>One IBM Plaza<br>Chicago, IL 60611<br>Tax id: 300313522<br>***Debtor*** | represented by | **Elise Scherr Frejka**<br>Dechert LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>212.649.8734<br>Fax : 212.698.3599<br>Email: elise.frejka@dechert.com |
| **United States Trustee**<br>33 Whitehall Street<br>21st Floor<br>New York, NY 10004<br>(212) 510-0500<br>***U.S. Trustee*** | represented by | **Lisa L. Lambert**<br>Office of the United State Trustee<br>33 Whitehall<br>21st Floor<br>New York, NY 10004<br>(212) 510-0536<br>Fax : (212) 668-2255<br>Email: Lisa.L.Lambert@usdoj.gov |
| **Claims Agent, The Trumbull Group, LLC**<br>4 Griffin Road North<br>Windsor, CT 06095<br>***Claims and Noticing Agent*** | | |
| **Official Unsecured Creditors' Committee**<br>***Creditor Committee*** | represented by | **Joseph A. Gershman**<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>New York, NY 10019<br>(212) 506-1700<br>Fax : (212) 506-1800<br>Email: jgershman@kasowitz.com |
| | | **Robert M. Novick**<br>Kasowitz, Benson, Torres & Friedman, LLP<br>1633 Broadway<br>21st Floor |

New York, NY 10019
(212) 506-1700
Fax : (212) 506-1800
Email: rnovick@kasowitz.com

| Filing Date | # | Docket Text |
|---|---|---|
| 05/30/2006 | 1 | Voluntary Petition (Chapter 11). Order for Relief Entered.. Filed by Elise Scherr Frejka of Dechert LLP on behalf of Bayou Group, LLC. (Frejka, Elise) (Entered: 05/30/2006) |
| 05/30/2006 | | Receipt of Voluntary Petition (Chapter 11)(06-22306) [misc,824] (1039.00) Filing Fee. Receipt number 3760613. Fee amount 1039.00. (U.S. Treasury) (Entered: 05/30/2006) |
| 05/30/2006 | 2 | Motion for Joint Administration filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B Proposed Order) (Frejka, Elise) (Entered: 05/30/2006) |
| 05/30/2006 | 3 | Declaration /Declaration of Jeff J. Marwil Pursuant to Local Bankruptcy Rule 1007-2 In Support of First Day Motions filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Exhibit Exhibit B# 2 Schedule) (Frejka, Elise) Modified on 5/30/2006 (Correa, Mimi). (Entered: 05/30/2006) |
| 05/30/2006 | 4 | Motion to Allow Motion for Interim and Final Orders (I) Authorizing Debtors and Debtors in Possession to (A) Obtain Post-Petition Financing Pursuant to Sections 364(c) And 364(d) of the Bankruptcy Code, (B) Utilize Cash Collateral Pursuant to Sections 105, 361, and 363 of the Bankruptcy Code on a Consensual Basis, (II) Granting Adequate Protection, and (III) Scheduling Final Hearing Pursuant to Rule 4001(b) of the Federal Rules of Bankruptcy Procedure filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B Promissory Note# 3 Exhibit C Security Agreement# 4 Exhibit D UCC Filings# 5 Exhibit E Proposed Order# 6 Exhibit Proposed Budget) (Frejka, Elise) Modified on 5/30/2006 (Correa, Mimi). (Entered: 05/30/2006) |
| 05/30/2006 | 5 | Motion to Allow /Motion of the Debtors and Debtors-In-Possession Pursuant to Bankruptcy Rule 1015(c) Establishing Noticing Procedures filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B) (Frejka, Elise) Modified on 5/30/2006 (Correa, Mimi). (Entered: 05/30/2006) |
| 05/30/2006 | 6 | Application to Employ /Application of Debtors and Debtors-In-Possession Pursuant to Sections 327(a), 328(a), and 329(a) of the |

| | | |
|---|---|---|
| | | *Bankruptcy Code for an Order Authorizing the Retention and Employment of Dechert LLP as General Bankruptcy and Litigation Counsel* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Exhibit A Declaration of H. Jeffrey Schwartz# 2 Exhibit B Order# 3 Exhibit C Engagement Letter# 4 Exhibit D Proposed Order) (Frejka, Elise) Modified on 5/30/2006 (Correa, Mimi). (Entered: 05/30/2006) |
| 05/30/2006 | 7 | Application to Employ */Application of Debtors and Debtors-In-Possession Pursuant to Sections 327(a), 328(a), and 330 of the Bankruptcy Code for an Order Authorizing the Retention and Employment of FTI Consulting, Inc. as Financial Advisor* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Exhibit A Declaration of Robert Paul# 2 Exhibit B Engagement Letter# 3 Exhibit C Order# 4 Exhibit D Proposed Order) (Frejka, Elise) Modified on 5/30/2006 (Correa, Mimi). (Entered: 05/30/2006) |
| 05/30/2006 | 8 | Motion to Allow */Motion for an Administrative Order Under Local Bankruptcy Rule 2016-1 and Sections 105(a) and 331 of the Bankruptcy Code For An Order Establishing Procedures for Interim Monthly Compensation of Professionals* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Exhibit A Order# 2 Exhibit B) (Frejka, Elise) Modified on 5/30/2006 (Correa, Mimi). (Entered: 05/30/2006) |
| 05/30/2006 | 9 | Application for Pro Hac Vice Admission *of H. Jeffrey Schwartz* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Frejka, Elise) (Entered: 05/30/2006) |
| 05/30/2006 | | Receipt of Application for Pro Hac Vice Admission(06-22306-ash) [motion,122] ( 25.00) Filing Fee. Receipt number 3761154. Fee amount 25.00. (U.S. Treasury) (Entered: 05/30/2006) |
| 05/30/2006 | 10 | Notice of Hearing */Notice of Chapter 11 Filing and Hearing on Certain First Day Motions* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. with hearing to be held on 5/31/2006 at 11:00 AM at Courtroom 520, White Plains Office (Frejka, Elise) Modified on 5/31/2006 (Correa, Mimi). (Entered: 05/30/2006) |
| 05/30/2006 | 11 | Notice of Appearance *and Demand for Service of Papers* filed by Joseph Thomas Moldovan on behalf of Silver Creek Capital Management LLC and Silver Creek Long/Short Holdings. (Moldovan, Joseph) (Entered: 05/30/2006) |
| 05/30/2006 | 12 | Application to Employ */Application of the Debtors and Debtors-In-Possession Pursuant to 28 U.S.C. Section 156(c) for an Order Authorizing the Retention and Employment of The Trumbull Group as CLAIMS AGENT* filed by Elise Scherr Frejka on behalf of Bayou |

| | | |
|---|---|---|
| | | Group, LLC. (Attachments: # 1 Exhibit A Collum Affidavit# 2 Exhibit B Retention Agreement# 3 Exhibit C Receivership Order# 4 Exhibit D Proposed Order# 5 Pleading Frejka Declaration in Support of Retention) (Frejka, Elise) Modified on 5/31/2006 (Correa, Mimi). (Entered: 05/30/2006) |
| 05/31/2006 | 13 | Order signed on 5/31/2006 Granting Motion for Joint Administration (Related Doc # 2). An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Bayou Group, LLC and its direct and indirect debtor subsidiaries and affiliates. The docket in Chapter 11 Case No. 06-22306(ASH) shall be consulted for all matters affecting this case. (Correa, Mimi) (Entered: 05/31/2006) |
| 05/31/2006 | 14 | Order signed on 5/31/2006 Establishing Notice Procedures (Related Doc # 5) . (Correa, Mimi) (Entered: 05/31/2006) |
| 05/31/2006 | 15 | Interim Order signed on 5/31/2006 Authorizing the Debtors to Retain and Employ Dechert LLP as General Bankruptcy and Litigation Counsel (Related Doc # 6). (Correa, Mimi) (Entered: 05/31/2006) |
| 05/31/2006 | 16 | Interim Order signed on 5/31/2006 Authorizing the Debtors and Debtors-In-Possession to Retain and Employ and Retain FTI Consulting, Inc. as Financial Advisor (Related Doc # 7). (Correa, Mimi) (Entered: 05/31/2006) |
| 05/31/2006 | 17 | Order signed on 5/31/2006 APPOINTING THE TRUMBULL GROUP AS CLAIMS AGENT (Related Doc # 12) . (Correa, Mimi) (Entered: 05/31/2006) |
| 05/31/2006 | 18 | Order signed on 5/31/2006 Scheduling Initial Case Conference to be held on 6/20/2006 at 11:00 AM at Courtroom 520, White Plains Office. Modified on 5/31/2006 (Correa, Mimi). (Entered: 05/31/2006) |
| 05/31/2006 | 19 | Order signed on 5/31/2006 Granting Application for Pro Hac Vice Admission of Richard A. Kirby, Esq. (Filing Fee Paid $25.00, Receipt Number 41105) Modified on 6/7/2006 (Correa, Mimi). (Entered: 05/31/2006) |
| 06/02/2006 | 20 | Affidavit of Service *regarding service of Various First-Day Pleadings* (related document(s)10, 9, [], 8, 3, 5, 12, 7, 4, 2, 6) filed by Claims Agent, The Trumbull Group, LLC. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I# 10 Exhibit J# 11 Exhibit K) (Halley, Brendan) (Entered: 06/02/2006) |
| 06/05/2006 | 21 | Letter *regarding Jun 9, 2006, Creditors Committee Formation* |

| | | |
|---|---|---|
| | | *Meeting* filed by Lisa L. Lambert on behalf of United States Trustee. (Attachments: # 1 Creditors' Committee Interest Form)(Lambert, Lisa) (Entered: 06/05/2006) |
| 06/06/2006 | 22 | Affidavit of Service (related document(s)18, 6, 7, 15, 16) filed by Claims Agent, The Trumbull Group, LLC. (Halley, Brendan) (Entered: 06/06/2006) |
| 06/07/2006 | 23 | Order signed on 6/6/2006 granting Application for Pro Hac Vice Admission of H. Jeffrey Schwartz. (Filing Fee Paid $25.00, Receipt number 3761154) (related document(s)9) (Correa, Mimi) (Entered: 06/07/2006) |
| 06/13/2006 | 24 | Statement *Notice of Compliance with Bankruptcy Code Section 543* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Exhibit A Appointment Order) (Frejka, Elise) (Entered: 06/13/2006) |
| 06/14/2006 | 25 | Notice of Meeting of Creditors *Notice Of Chapter 11 Bankruptcy Cases, Meeting Of Creditors & Deadlines* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. with 341(a) meeting to be held on 7/7/2006 at 10:00 AM at 80 Broad St., 2nd Floor, USTM. (Frejka, Elise) (Entered: 06/14/2006) |
| 06/15/2006 | 26 | Appointment of Official Creditors' Committee filed by Lisa L. Lambert on behalf of United States Trustee. (Lambert, Lisa) (Entered: 06/15/2006) |
| 06/15/2006 | 27 | Affidavit of Service *regarding Notice of Compliance with Bankruptcy Code Section 543* (related document(s)24) filed by Claims Agent, The Trumbull Group, LLC. (Halley, Brendan) (Entered: 06/15/2006) |
| 06/15/2006 | 28 | Affidavit of Service *regarding Notice Of Chapter 11 Bankruptcy Cases, Meeting Of Creditors & Deadlines* (related document(s)25) filed by Claims Agent, The Trumbull Group, LLC. (Halley, Brendan) (Entered: 06/15/2006) |
| 06/20/2006 | 29 | Motion to Appoint Trustee *(Chapter 11 Trustee)* filed by Lisa L. Lambert on behalf of United States Trustee. (Lambert, Lisa) (Entered: 06/20/2006) |
| 06/20/2006 | 30 | Motion to Limit Notice *and Shorten Objection Period for Motion to Appoint Chapter 11 Trustee* filed by Lisa L. Lambert on behalf of United States Trustee. (Lambert, Lisa) (Entered: 06/20/2006) |
| 06/21/2006 | 31 | Final Order signed on 6/20/2006 Granting Motion authorizing the debtors to (I) obtain post-petition financing (II) utilize cash collateral |

| | | |
|---|---|---|
| | | (III) granting adequate protection, and (IV) scheduling final hearing, et.al.,(Related Doc # 4) (Webb, Lonnie) (Entered: 06/21/2006) |
| 06/21/2006 | 32 | Order signed on 6/20/2006 Granting Application to Employ Dechert, LLP as general bankruptcy & litigation counsel. (Related Doc # 6) (Webb, Lonnie) (Entered: 06/21/2006) |
| 06/21/2006 | 33 | Notice of Appearance / *Notice of Appearance and Request for Service of Papers* filed by Jonathan Koevary on behalf of Eric Garfinkel, Diane Garfinkel. (Koevary, Jonathan) (Entered: 06/21/2006) |
| 06/26/2006 | 34 | Order signed on 6/26/2006 Granting Application for Shortened Objection Time and for Shortened Service List for Motion to Appoint a Chapter 11 Trustee. (related document(s)30). Hearing to be held on 6/29/2006 at 10:30 AM at Courtroom 520, White Plains Office (Tavarez, Arturo) (Entered: 06/26/2006) |
| 06/27/2006 | 35 | Memorandum of Law /*Memorandum of Law in Opposition to the Motion of the United States Trustee for the Appointment of a Chapter 11 Trustee* (related document(s)29) filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Attachments: # 1 Appendix A - Order# 2 Appendix B - Excerpts from Refco Hearing) (Frejka, Elise) (Entered: 06/27/2006) |
| 06/27/2006 | 36 | Notice of Hearing *on Motion to Appoint Trustee (Chapter 11 Trustee)* (related document(s)29) filed by Lisa L. Lambert on behalf of United States Trustee. (Lambert, Lisa) (Entered: 06/27/2006) |
| 06/28/2006 | 37 | Application to Employ /*Application of the Official Unsecured Creditors' Committee for Order Authorizing and Approving the Employment and Retention of Preston Gates Eliis & Rouvelas Meeds LLP as Counsel, Nunc Pro Tunc to June 9, 2006* filed by Robert M. Novick on behalf of Official Unsecured Creditors' Committee. (Attachments: # 1 Exhibit A - Declaration of Richard A. Kirby# 2 Exhibit B - Engagement Letter# 3 Exhibit C - Proposed Order) (Novick, Robert) (Entered: 06/28/2006) |
| 06/28/2006 | 38 | Application to Employ / *Application of the Official Unsecured Creditors' Committee for Order Authorizing and Approving the Employment and Retention of Kasowitz, Benson, Torres & Friedman LLP as Counsel, Nunc Pro Tunc to June 9, 2006* filed by Robert M. Novick on behalf of Official Unsecured Creditors' Committee. (Attachments: # 1 Exhibit A - Declaration of Joel Gershman# 2 Exhibit B - Engagement Letter# 3 Exhibit C - Proposed Order) (Novick, Robert) (Entered: 06/28/2006) |
| 06/28/2006 | 39 | Objection to Motion / *Objection and Memorandum of Law in Opposition to the United States Trustee's Motion to Appoint a* |

| | | |
|---|---|---|
| | | *Chapter 11 Trustee* (related document(s)29) filed by Robert M. Novick on behalf of Official Unsecured Creditors' Committee. (Novick, Robert) (Entered: 06/28/2006) |
| 06/28/2006 | 40 | Declaration *of Jonathan J. Fisher in Opposition to the United States Trustee's Motion to Appoint a Chapter 11 Trustee* (related document (s)39) filed by Robert M. Novick on behalf of Official Unsecured Creditors' Committee. (Novick, Robert) (Entered: 06/28/2006) |
| 06/28/2006 | 41 | Response to Motion */ Response of Eric and Diane Garfinkel in Support of United States Trustee's Motion to Appoint a Chapter 11 Trustee* (related document(s)29) filed by Philip Bentley on behalf of Diane Garfinkel, Eric Garfinkel. with hearing to be held on 6/29/2006 at 10:30 AM at Courtroom 520, White Plains Office (Attachments: # 1 Exhibit A# 2 Exhibit B (Part 1)# 3 Exhibit B (Part 2)# 4 Exhibit C# 5 Exhibit D# 6 Exhibit E# 7 Exhibit F) (Bentley, Philip) (Entered: 06/28/2006) |
| 06/28/2006 | 42 | Affidavit of Service *of Scott H. Bernstein* (related document(s)37, 38) filed by Robert M. Novick on behalf of Official Unsecured Creditors' Committee. (Novick, Robert) (Entered: 06/28/2006) |
| 06/28/2006 | 43 | Affidavit of Service *of Ryan Wagner* (related document(s)41) filed by Philip Bentley on behalf of Diane Garfinkel, Eric Garfinkel. (Bentley, Philip) (Entered: 06/28/2006) |
| 06/28/2006 | 44 | Supplemental Objection to Motion */Supplemental Response Of The Debtors And Debtors-In-Possession In Further Opposition To The Motion Of The United States Trustee To Appoint A Chapter 11 Trustee* (related document(s)29) filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Frejka, Elise) (Entered: 06/28/2006) |
| 06/30/2006 | 45 | Affidavit of Service *regarding Memorandum of Law in Opposition to the Motion of the United States Trustee for the Appointment of a Chapter 11 Trustee* (related document(s)35) filed by Claims Agent, The Trumbull Group, LLC. (Halley, Brendan) (Entered: 06/30/2006) |
| 06/30/2006 | 46 | Notice of Appearance *for UT Medical Group Inc Basic Pension Plan* filed by Lori Lapin Jones on behalf of UT Medical Group Inc. Basic Pension Plan. (Jones, Lori) (Entered: 06/30/2006) |
| 06/30/2006 | 47 | Application for Pro Hac Vice Admission filed by Lori Lapin Jones on behalf of UT Medical Group Inc. Basic Pension Plan. (Attachments: # 1 Exhibit Declaration of E. Franklin Childress, Jr.) (Jones, Lori) (Entered: 06/30/2006) |
| 06/30/2006 | | Receipt of Application for Pro Hac Vice Admission(06-22306-ash) |

| | | |
|---|---|---|
| | | [motion,122] ( 25.00) Filing Fee. Receipt number 3806493. Fee amount 25.00. (U.S. Treasury) (Entered: 06/30/2006) |
| 06/30/2006 | 48 | Application for Pro Hac Vice Admission *with cover letter to Clerk* filed by George G. Wilder on behalf of Commodity Futures Trading Commission. (Wilder, George) (Entered: 06/30/2006) |
| 06/30/2006 | 49 | Order signed on 6/30/2006 Denying Motion of the United States Trustee for the Appointment of a Chapter 11 Trustee. (Tavarez, Arturo) (Entered: 06/30/2006) |
| 06/30/2006 | 50 | Second Application for Pro Hac Vice Admission *with corrected cover letter to Clerk* filed by George G. Wilder on behalf of Commodity Futures Trading Commission. (Wilder, George) (Entered: 06/30/2006) |
| 06/30/2006 | 51 | Notice of Conventional Filing of Transcript *of Hearing Re: First Day Orders, Hearing held on 5/31/2006*, filed by TypeWrite Word Processing Service. (Webb, Lonnie) Modified on 7/6/2006 (Correa, Mimi). (Entered: 07/06/2006) |
| 07/06/2006 | 52 | Notice of Appearance *with certificate of service and cover letter to the Clerk* filed by George G. Wilder on behalf of Commodity Futures Trading Commission. (Wilder, George) (Entered: 07/06/2006) |
| 07/10/2006 | 53 | Notice of Appeal *of Order Denying Motion of the United States Trustee for the Appointment of a Chapter 11 Trustee* (related document(s)49) filed by Lisa L. Lambert on behalf of United States Trustee. (Lambert, Lisa) (Entered: 07/10/2006) |
| 07/10/2006 | 54 | Notice of Appearance filed by Scott Berman on behalf of Arntz Family Foundation. (Berman, Scott) (Entered: 07/10/2006) |
| 07/10/2006 | 55 | Objection to Motion *Committee's Applications to Retain Two Law Firms* (related document(s)37, 38) filed by Lisa L. Lambert on behalf of United States Trustee. (Lambert, Lisa) (Entered: 07/10/2006) |
| 07/11/2006 | | Notice of Continuance of First Meeting of Creditors filed by Lisa L. Lambert on behalf of United States Trustee. with 341(a) meeting to be held on 7/25/2006 at 02:00 PM at 80 Broad St., 2nd Floor, USTM. (Lambert, Lisa) (Entered: 07/11/2006) |
| 07/11/2006 | 56 | Order signed on 7/10/2006 Granting Application for Pro Hac Vice Admission of attorney E. Franklin Childress, Jr. (Related Doc # 47) (Webb, Lonnie) (Entered: 07/11/2006) |
| 07/12/2006 | 57 | Affidavit of Service (related document(s)54) filed by Scott Berman |

| | | on behalf of Arntz Family Foundation. (Berman, Scott) (Entered: 07/12/2006) |
|---|---|---|
| 07/12/2006 | 58 | Response -*Reply of the Official Unsecured Creditors' Committee in Support of its Applications for Orders Authorizing and Approving the (I) Employment and Retention of Kasowitz, Benson, Torres & Friedman LLP as Special Counsel, Nunc Pro Tunc to June 9, 2006 and (II) Employment and Retention of Preston Gates Ellis & Rouvelas Meeds LLP as Counsel, Nunc Pro Tunc to June 9, 2006* filed by Joseph A. Gershman on behalf of Official Unsecured Creditors' Committee. with hearing to be held on 7/13/2006 (check with court for location) (Gershman, Joseph) (Entered: 07/12/2006) |
| 07/12/2006 | 59 | Affidavit of Service *regarding Reply of the Official Unsecured Creditors' Committee in Support of its Applications for Orders Authorizing and Approving the (I) Employment and Retention of Kasowitz, Benson, Torres & Friedman LLP as Special Counsel, Nunc Pro Tunc to June 9, 2006 and (II) Employment and Retention of Preston Gates Ellis & Rouvelas Meeds LLP as Counsel, Nunc Pro Tunc to June 9, 2006* (related document(s)58) filed by Claims Agent, The Trumbull Group, LLC. (Halley, Brendan) (Entered: 07/12/2006) |
| 07/13/2006 | | Receipt of Notice of Appeal(06-22306-ash) [appeal,97] ( 255.00) Filing Fee. Receipt number 211920. Fee amount 255.00. (Correa) (Entered: 07/13/2006) |
| 07/17/2006 | 60 | Order signed on 7/12/2006 Granting Application for Pro Hac Vice Admission for Attorney George G. Wilder. (Related Doc # 50) (Webb, Lonnie) (Entered: 07/17/2006) |
| 07/17/2006 | 61 | Order signed on 7/13/2006 Granting Application to Employ Preston Gates Ellis & Rouvelas Meeds, LLP as Counsel to the Official Unsecured Creditors' Committee of Bayou Group, LLC, et.al., Nunc Pro Tunc to June 9, 2006. (Related Doc # 37) (Webb, Lonnie) (Entered: 07/17/2006) |
| 07/17/2006 | 62 | Order signed on 7/13/2006 Granting Application to Employ of Kasowitz, Benson, Torres & Friedman, LLP as Counsel to the Official Unsecured Creditors Committee of Bayou Group, LLC, et.al., Nunc Pro Tunc to June 9, 2006. (Related Doc # 38) (Webb, Lonnie) (Entered: 07/17/2006) |
| 07/18/2006 | | Receipt of Application for Pro Hac Vice Admission(06-22306-ash) [motion,122] ( 25.00) Filing Fee. Receipt number EIE0622306. Fee amount 25.00. (Brundage) (Entered: 07/18/2006) |
| 07/18/2006 | | Receipt of Application for Pro Hac Vice Admission(06-22306-ash) [motion,122] ( 25.00) Filing Fee. Receipt number 623. Fee amount |

| | | |
|---|---|---|
| | | 25.00. (Brundage) (Entered: 07/18/2006) |
| 07/19/2006 | <u>63</u> | Notice of Withdrawal *Of Application Of The Debtors And Debtors In Possession To Employ FTI Consulting, Inc. As Financial Advisor* (related document(s)<u>7</u>) filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Frejka, Elise) (Entered: 07/19/2006) |
| 07/19/2006 | <u>64</u> | Declaration */First Supplemental Declaration of H. Jeffrey Schwartz in Further Support of the Appilcation Authorizing Retention and Employment of Dechert LLP as General Bankruptcy and Litigation Counsel to the Debtors* (related document(s)<u>6</u>) filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Frejka, Elise) (Entered: 07/19/2006) |
| 07/19/2006 | <u>65</u> | Notice of Presentment *of Stipulation and Order Concerning Turnover of Documents* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. with presentment to be held on 7/28/2006 at 12:00 PM at Courtroom 520, White Plains Office Objections due by 7/28/2006, (Frejka, Elise) Modified on 7/20/2006 (Correa, Mimi). (Entered: 07/19/2006) |
| 07/19/2006 | <u>66</u> | Operating Report *for the period May 31, 2006 through June 30, 2006* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Frejka, Elise) Modified on 7/20/2006 (Correa, Mimi). (Entered: 07/19/2006) |
| 07/20/2006 | <u>67</u> | Designation of Contents (appellant). *and Statement of Issue for Appeal of Order Denying Motion to Appoint a Trustee* (related document(s)<u>53</u>) filed by Lisa L. Lambert on behalf of United States Trustee. (Lambert, Lisa) (Entered: 07/20/2006) |
| 07/20/2006 | <u>68</u> | Affidavit of Service (related document(s)<u>65</u>, <u>66</u>, <u>63</u>, <u>64</u>) filed by Claims Agent, The Trumbull Group, LLC. (Halley, Brendan) (Entered: 07/20/2006) |
| 07/20/2006 | <u>69</u> | Notice of Appearance filed by Scott Berman on behalf of K.H. William Krueger, Thomas E. & Andrea Arntz Family Revocable Trust, Arntz Builders & Profit Sharing Trust. (Berman, Scott) (Entered: 07/20/2006) |
| 07/21/2006 | | (ENTERED IN ERROR - Belong in Adverary Proceeding) Summons with Notice of Pre-Trial Conference issued by Clerk's Office with Pre-Trial Conference set for 8/23/2006 at 09:40 AM at Courtroom 520, White Plains Office, Answer due by 8/21/2006, (Webb, Lonnie) Modified on 7/21/2006 (Correa, Mimi). (Entered: 07/21/2006) |
| 07/25/2006 | | Notice of Continuance of First Meeting of Creditors filed by Lisa L. Lambert on behalf of United States Trustee. with 341(a) meeting to |

| | | |
|---|---|---|
| | | be held on 8/22/2006 at 02:00 PM at 80 Broad St., 2nd Floor, USTM. (Lambert, Lisa) (Entered: 07/25/2006) |
| 07/26/2006 | <u>70</u> | Application for FRBP 2004 Examination *of Consulting Services Group LLC, Altegris Investments, Hennessee Group LLC, and Aris Partners* filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. with presentment to be held on 7/31/2006 at 04:00 PM at Room 243A, White Plains Responses due by 7/31/2006, (Frejka, Elise) (Entered: 07/26/2006) |
| 07/26/2006 | <u>71</u> | Notice of Withdrawal *of Application for 2004 Examination of Consulting Services Group LLC, Altegris Investments, Hennessee Group LLC, and Aris Partners* (related document(s)70) filed by Elise Scherr Frejka on behalf of Bayou Group, LLC. (Frejka, Elise) (Entered: 07/26/2006) |
| 07/28/2006 | <u>72</u> | Application for Pro Hac Vice Admission *of William R. Hinchman, Esq.* filed by Steven D. Usdin on behalf of Broad-Bussel Family Limited Partnership, Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr.; individually and on behalf of all other persons and entities similarly situated. (Usdin, Steven) (Entered: 07/28/2006) |
| 07/28/2006 | <u>73</u> | Application for Pro Hac Vice Admission *of Jonathan M Stemerman, Esq.* filed by Steven D. Usdin on behalf of Broad-Bussel Family Limited Partnership, Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr.; individually and on behalf of all other persons and entities similarly situated. (Usdin, Steven) (Entered: 07/28/2006) |
| 07/28/2006 | <u>74</u> | Application for Pro Hac Vice Admission *of Gary M. Schildhorn, Esq.* filed by Steven D. Usdin on behalf of Broad-Bussel Family Limited Partnership, Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr.; individually and on behalf of all other persons and entities similarly situated. (Usdin, Steven) (Entered: 07/28/2006) |
| 07/28/2006 | <u>75</u> | Application for Pro Hac Vice Admission *of Gary D. Bressler, Esq.* filed by Steven D. Usdin on behalf of Broad-Bussel Family Limited Partnership, Marie-Louise Michelsohn, Michelle Michelsohn and Herbert Blaine Lawson, Jr.; individually and on behalf of all other persons and entities similarly situated. (Usdin, Steven) (Entered: 07/28/2006) |
| 07/28/2006 | | Receipt of Application for Pro Hac Vice Admission(06-22306-ash) [motion,122] ( 25.00) Filing Fee. Receipt number 3844574. Fee amount 25.00. (U.S. Treasury) (Entered: 07/28/2006) |
| | | |

| 07/28/2006 | | Receipt of Application for Pro Hac Vice Admission(06-22306-ash) [motion,122] ( 25.00) Filing Fee. Receipt number 3844574. Fee amount 25.00. (U.S. Treasury) (Entered: 07/28/2006) |
|---|---|---|
| 07/28/2006 | | Receipt of Application for Pro Hac Vice Admission(06-22306-ash) [motion,122] ( 25.00) Filing Fee. Receipt number 3844574. Fee amount 25.00. (U.S. Treasury) (Entered: 07/28/2006) |
| 07/28/2006 | | Receipt of Application for Pro Hac Vice Admission(06-22306-ash) [motion,122] ( 25.00) Filing Fee. Receipt number 3844574. Fee amount 25.00. (U.S. Treasury) (Entered: 07/28/2006) |
| 07/28/2006 | 76 | Notice of Appearance *and Request for Service of Papers* filed by William J. Factor on behalf of The Jewish Federation of Metropolitan Chicago. (Factor, William) (Entered: 07/28/2006) |
| 07/31/2006 | 77 | So Ordered Stipulation signed on 7/31/2006 Concerning Turnover of Documents. (Webb, Lonnie) (Entered: 07/31/2006) |
| 07/31/2006 | 78 | Order signed on 7/31/2006 Granting Application for Pro Hac Vice Admission for Gary D. Bressler (Related Doc # 75) (Webb, Lonnie) (Entered: 07/31/2006) |
| 07/31/2006 | 79 | Order signed on 7/31/2006 Granting Application for Pro Hac Vice Admission for Gary M. Schildhorn (Related Doc # 74) (Webb, Lonnie) (Entered: 07/31/2006) |
| 07/31/2006 | 80 | Order signed on 7/31/2006 Granting Application for Pro Hac Vice Admission for William R. Hinchman (Related Doc # 72) (Webb, Lonnie) (Entered: 07/31/2006) |
| 07/31/2006 | 81 | Order signed on 7/31/2006 Granting Application for Pro Hac Vice Admission for Jonathan M. Stemerman (Related Doc # 73) (Webb, Lonnie) (Entered: 07/31/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/02/2006 12:02:41 | | | |
| PACER Login: | du1403 | Client Code: | |
| Description: | Docket | Search | 06-22306-ash Fil or Ent: Fil From: 7/19/2004 To: 8/2/2006 Doc From: |