IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

In re BAYOU GROUP, et al, Debtors

---

DIANA G. ADAMS,
ACTING UNITED STATES TRUSTEE,
Appellant,

v.

JEFF MARWIL, RECEIVER, and
OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
Appellees.

---

On Appeal from the United States Bankruptcy Court

for the Southern District of New York, White Plains Division

---

# REPLY BRIEF FOR APPELLANT UNITED STATES TRUSTEE

Of Counsel:

Roberta A. DeAngelis
Acting General Counsel

Walter W. Theus, Jr.
United States Department of Justice
Executive Office for United States Trustees
20 Massachusetts Avenue, NW
Washington, D.C. 20530
(202) 307-1399

Lisa L. Lambert
Office of United States Trustee
33 Whitehall St., 21st Floor
New York, NY 10004
(212) 510-0500
Lisa.L.Lambert@usdoj.gov

*ATTORNEYS FOR APPELLANT
DIANA G. ADAMS,
ACTING U.S. TRUSTEE
FOR REGION 2*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    Because Marwil is a "custodian" as defined in the Bankruptcy Code, a trustee
        must be appointed to administer these chapter 11 cases. . . . . . . . . . . . . . . . . . . . . . 1

        A.    Marwil's control of Bayou property derives from his status as
               receiver appointed by the District Court. . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        B.    Marwil is a custodian subject to the turnover requirements of §
               543. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        C.    Because Marwil is a custodian, a trustee must be appointed to
               whom Marwil can turn over estate property pursuant to § 543. . . . . . . . . 5

        D.    The turnover requirements of § 543 are not discretionary; courts
               exercising bankruptcy jurisdiction must apply the Bankruptcy
               Code as written. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases**

*French Bourekas Inc. v. Turner*, 199 B.R. 807 (E.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re 400 Madison Ave. Ltd. Partnership*, 213 B.R. 888
    (Bankr. S.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*In re Constable Plaza Assocs.*, 125 B.R. 98 (Bankr. S.D.N.Y. 1991) . . . . . . . . . . . . . . . . . . . . . 7

*In re Plantation Inn Partners*, 142 B.R. 561 (Bankr. S.D. Ga.1992) . . . . . . . . . . . . . . . . . . . . . 6

*In re Stratesec, Inc.*, 324 B.R. 156 (Bankr. D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Smart World Tech., LLC v. Jumbo Online Serv., Inc. (In re Smart World Tech., LLC)*,
    423 F.3d 166, 184 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Statutes**

11 U.S.C. § 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-4

11 U.S.C. § 105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11 U.S.C. § 1104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

11 U.S.C. § 543 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 5-7, 9

11 U.S.C. § 544 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11 U.S.C. § 548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Conn. Gen. Stat. § 34-140 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Conn. Gen. Stat. § 34-179 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**Rules**

Fed. R. Bankr. P. 2012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 66 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Other Authorities**

Black's Law Dictionary (ed. Bryan A. Garner, 8th ed. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

H.R. Rep. No. 595, 95th Cong., 1st Sess. 310 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

S. Rep. No. 989, 95th Cong., 2d Sess. 23 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# ARGUMENT

**Because Marwil is a "custodian" as defined in the Bankruptcy Code, a trustee must be appointed to administer these chapter 11 cases.**

In their briefs, the appellees argue that "cause" does not exist for the appointment of a trustee in these cases under 11 U.S.C. § 1104(a)(1). The United States Trustee need not respond to the appellee's lengthy recitations of the law surrounding trustee appointments, as the only issue before this Court is whether Jeff Marwil is a custodian as defined in 11 U.S.C. § 101(11). The application of law to the undisputed facts of this case mandates the conclusion that Marwil is in fact a custodian, and that a trustee must therefore be appointed to whom Marwil may turn over estate property pursuant to 11 U.S.C. § 543.

> A.  **Marwil's control of Bayou property derives from his status as receiver appointed by the District Court.**

On March 28, 2006, the Unofficial On-Shore Creditors' Committee of the Bayou Family of Companies ("the Unofficial Committee") filed in the District Court a "Notice of Motion of Plaintiff for the Appointment of a Receiver." The motion specifically recited that it was brought pursuant to Rule 66 of the Federal Rules of Civil Procedure. Rule 66 is entitled "Receivers Appointed by Federal Courts." Fed. R. Civ. P. 66. On April 28, 2006, the District Court entered its "Order Granting the Unofficial On-Shore Creditors' Committee's Motion to Appoint a Receiver," ("the Receiver Order"), in which the Court appointed "Jeff J. Marwil, an attorney at law of the State of Illinois, to be the federal equity receiver" of a series of Bayou entities. Receiver Order at 2. The Receiver Order authorized and directed Marwil, *as receiver*, to perform certain duties and responsibilities, including the duty to "succeed to be the sole and exclusive managing member and representative of each of the Bayou Entities with the sole and

exclusive power and authority to manage and direct the business and financial affairs of the Bayou Entities . . . ."  Receiver Order at 5.

The appellees have a problem.  If they acknowledge the obvious – that Marwil is a receiver – then they admit that Marwil has since the filing of the Bayou bankruptcy petitions been a custodian subject to the turnover requirement of § 543 of the Bankruptcy Code.  They therefore seek to separate Marwil's role as "managing member" from his role as receiver.  Marwil's brief actually states that "the bankruptcy filings terminated Marwil's role as receiver, but he remains managing member."  Brief at 13.  This statement ignores the fact that Marwil's status as managing member is completely dependent upon his status as receiver.  The District Court did not appoint Marwil to be both a receiver and a managing member.  Instead, it appointed Marwil to be a receiver, and provided that among the powers of the receiver would be the powers of a managing member.  The termination of his status as receiver effectuated by the bankruptcy filing and § 543 of the Bankruptcy Code also terminated his status as managing member.

### B.     Marwil is a custodian subject to the turnover requirements of § 543.

Section 101(11) of the Bankruptcy Code provides:

(11) "custodian" means –

> (A) receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title;
>
> (B) assignee under a general assignment for the benefit of the debtor's creditors; or
>
> (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of

2

>general administration of such property for the benefit of the debtor's creditors

11 U.S.C. § 101(11). This definition has been unchanged since the adoption of the Bankruptcy Code in 1978. The legislative history from that time is instructive: "The definition of custodian to include a receiver or trustee is descriptive, and not meant to be limited to court officers with those titles. The definition is intended to include other officers of the court if their functions are substantially similar to those of a receiver or trustee." H.R. Rep. No. 595, 95th Cong., 1st Sess. 310 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 23 (1978).

The appellees argue that Marwil is not a custodian because he is acting, not as a receiver, but as the "managing member" of the Bayou limited liability companies. If Marwil were, in fact, a true "managing member" of the Bayou limited liability companies, the turnover requirement would probably not apply to him. But his alleged status as managing member derives not from applicable state law, but from the Receiver Order. To be a member of a Connecticut LLC like Bayou Group, LLC, Marwil would need to comply with Connecticut General Statute section 34-179 (2005).[1] There is no evidence that Marwil took any steps to become a true member of any of the entities. Furthermore, to be a true manager of a Connecticut LLC, Marwil would need to be designated as such in compliance with Connecticut General Statute section 34-140 (2005). Again, there is no evidence that Marwil was designated as a manager in compliance with that statute.

---

[1] This discussion focuses on Connecticut statutes, as the principal Bayou entity is a Connecticut LLC. While other debtors are Delaware and New York LLCs, the LLC statutes of those jurisdictions do not differ in any material respects from those of Connecticut.

The appellees invite this Court to ignore reality and to place conclusive weight on the label of "managing member" that was included in the Receiver Order. The legislative history quoted above, however, requires courts to look beyond labels to determine if a particular officer of the court has functions substantially similar to those of a receiver or trustee. Black's Law Dictionary defines a "receiver" as "a disinterested person appointed by a court . . . for the protection or collection of property that is the subject of diverse claims (for example, because it belongs to a bankrupt or is otherwise being litigated)." Black's Law Dictionary (ed. Bryan A. Garner, 8th ed. 2004), receiver. Marwil is an ostensibly disinterested person;[2] appointed by a court; to protect and collect assets of the Bayou entities; that are subject to the diverse claims of the Bayou investors. His functions under the District Court's Receiver Order appointing him are precisely the functions of a receiver; that he now chooses to emphasize his alternative title of "managing member" is irrelevant to the determination of whether he is a custodian.

Finally, under § 101(11)(C), an "agent under applicable law . . . that is appointed or authorized to take charge of property of the debtor . . . for the purpose of general administration of such property for the benefit of the debtor's creditors" is a "custodian." As "managing member" of the Bayou entities, Marwil acts as an agent who has been appointed under applicable law to administer the assets of those entities for the benefit of their creditors.

---

[2] In this context, the United States Trustee uses disinterested in the colloquial sense. "Disinterested person" is a defined term under the Bankruptcy Code, and Marwil has never provided the United States Trustee or the bankruptcy court with a disclosure establishing disinterestedness. *See* Appellant's Brief, p. 7, Table, p. 16; *see also* 11 U.S.C. § 101(14).

The conclusion is therefore inescapable – whether as a receiver, as a court-appointed officer performing the customary duties of a receiver, or as a court-appointed agent charged with administering the Bayou entities assets for the benefit of their creditors, Marwil is a custodian.

**C.     Because Marwil is a custodian, a trustee must be appointed to whom Marwil can turn over estate property pursuant to § 543.**

Both appellees discuss at substantial length case law related to when a debtor in possession should be replaced with a trustee "for cause" pursuant to 11 U.S.C. § 1104(a)(1). This case law is irrelevant in these cases. Here there is no obvious debtor in possession. There is a custodian in possession, an entity not recognized under the Bankruptcy Code. Section 543 mandates that he turn over the property in his possession to a proper estate fiduciary. Who actually controls the equity interests in the Bayou entities is unclear from the record, but it is clear that the felons who owned and previously managed the Bayou entities cannot exercise the powers and perform the fiduciary duties of a trustee under chapter 11. Accordingly, a chapter 11 trustee must be appointed pursuant to § 1104(a)(1) to take control of the estate assets from Marwil and to administer them for the benefit of the debtors' creditors.

The briefs of both appellees describe in glowing terms the efforts of Marwil to administer these estates since the filing of the bankruptcy petitions. These recitations are both outside the appellate record and legally irrelevant. The appellees argue that permitting Marwil to continue to administer estate assets as a quasi-trustee is in the best interests of Bayou's creditors. While the Bankruptcy Code does contain a provision allowing a bankruptcy court to excuse a custodian from the obligation to turn over property to a trustee or debtor in possession, 11 U.S.C. § 543(d), that provision requires that such relief be granted only after notice and a hearing. Because Marwil refused to acknowledge his status as a custodian, no hearing was held by the bankruptcy

5

court on whether turnover should be excused under § 543(d). While Marwil attempts to invoke § 543(d) in his brief, Brief at 17, fn. 6, this evidentiary issue may not be asserted for the first time on appeal.

In any event, excusing Marwil from turnover under § 543(d) would not afford Marwil the opportunity to exercise the powers of a trustee or a debtor in possession. To permit a custodian to remain indefinitely in possession and to vest him permanently with all duties and powers of debtor-in-possession is beyond limited relief available under § 543(d) of the Bankruptcy Code. *In re Plantation Inn Partners*, 142 B.R. 561 (Bankr. S.D. Ga.1992).

The facts of *Plantation Inn Partners* are analogous to those of the case at hand. In *Plantation Inn Partners*, the debtor-in-possession sought turnover from a state court appointed receiver and the receiver filed a cross motion to excuse turnover. The court conducted an evidentiary hearing on both motions. After the hearing, the court entered an order excusing the receiver from turnover and preliminarily imposed on him all the powers, duties and obligations of a debtor in possession. The court later held that granting the receiver the powers, duties and obligations of a debtor in possession was improper and ordered the appointment of a chapter 11 trustee. *Plantation Inn,* 142 B.R. at 565.

While § 543(d) authorizes the court to excuse court-appointed receivers from the obligation to turn over property, the scope of such authority should be limited to cases where the action is temporary or where the court is exercising a form of abstention. *Id*.; *see also In re Stratesec, Inc.*, 324 B.R. 156 (Bankr. D.C. 2004) (although the Bankruptcy Code contemplates that the bankruptcy court may authorize a receiver to continue in possession of the property of the estate, such authorization generally would be granted only when the bankruptcy court

6

decides that the receivership court is the superior forum for controlling the debtor's property). In *In re 400 Madison Ave. Ltd. Partnership*, 213 B.R. 888 (Bankr. S.D.N.Y. 1997), the bankruptcy court discussed the rights and duties of a custodian excused from turnover under § 543(d):

> Nowhere is there a provision in the Code stating that the term "trustee" is to be read in Code § 327(a) or elsewhere to include a receiver retained in possession under Code § 543(d). Under the Bankruptcy Code, the bankruptcy court is expressly prohibited from appointing a receiver, see Code § 105(b), although the bankruptcy court can continue a prepetition receiver's appointment under Code § 543(d)(1). Importantly nowhere in the Code is there even a hint that a "continued" receiver is subject to some or all of the duties imposed on a Chapter 11 trustee by Code § 1106. For example, Code § 1106 imposes on a Chapter 11 Trustee the duty to investigate the debtor (Code § 1106(a)(3)), the duty to file a report of any investigation (Code § 1106(a)(4)), and the obligation to file a plan of reorganization or recommend conversion or dismissal of the case (Code § 1106(a)(5)).
>
> The duties of a receiver retained in possession under Code § 543(d) are limited to the preservation and care of the property under his control. Since no section of the Code includes a receiver who remains in possession within the definition of trustee, the receiver does not take on the obligations and duties of a Chapter 11 trustee nor the somewhat different ones of a debtor-in-possession set forth in Code § 1107. Simply put the receiver has absolutely no responsibility to ensure the progress of the case by filing a plan of reorganization or negotiating with creditors or to perform any other duties which are the prerogative and burden of a debtor-in-possession and a trustee.

*Id.* at 894-95 (footnotes omitted).

Marwil filed the bankruptcy petitions primarily so he could pursue fraudulent conveyance causes of action available only to a trustee or debtor in possession under the Bankruptcy Code. *See* 11 U.S.C. §§ 544 and 548. Because Marwil as an "excused receiver" would not have standing to maintain these causes of action on behalf of the estate, an order pursuant to § 543(d) excusing him from the turnover requirement would not place him in a position to continue to pursue these claims. *See In re Constable Plaza Assocs.*, 125 B.R. 98, 103 (Bankr. S.D.N.Y. 1991) (excused receiver does not possess estate avoidance powers); *French*

*Bourekas Inc. v. Turner*, 199 B.R. 807, 818 (E.D.N.Y. 1996) (a custodian who remains in possession of a debtor's property does not have the powers of a trustee). Accordingly, these actions should be maintained by a properly empowered chapter 11 trustee appointed by the United States Trustee or duly elected by the Bayou creditors.

      **D.**    **The turnover requirements of § 543 are not discretionary; courts exercising bankruptcy jurisdiction must apply the Bankruptcy Code as written.**

While the appellees assiduously assert that Marwil is not a custodian, their real argument is that allowing him to continue to control the Bayou bankruptcy estates in his present guise as a receiver or managing member is in the best interest of Bayou's creditors. The United States Trustee, who along with her predecessors has appointed dozens of chapter 11 trustees over the years, believes that the concerns over a trustee appointment at this stage in the cases are quite overstated. Marwil or some other qualified disinterested person could be appointed to serve as chapter 11 trustee with limited disruption of the affairs of the estates. These are not cases where businesses exist that could be disrupted. The trustee would essentially step into the plaintiff's shoes in the pending litigation. Fed. R. Bankr. P. 2012(a).

The real issue here, however, is whether a court exercising bankruptcy jurisdiction is free to exercise broad discretion over whether a provision of the Bankruptcy Code applies to a case before it based upon its view of what might work best in that case. The bankruptcy courts do not have a "roving commission to do equity" and must exercise their powers within the substantive requirements of the Bankruptcy Code. *Smart World Tech., LLC v. Jumbo Online Serv., Inc. (In re Smart World Tech., LLC)*, 423 F.3d 166, 184 (2d Cir. 2005) (noting that Second Circuit has "long recognized" that statutes constrain bankruptcy court's equitable powers). While bankruptcy courts have broad discretion in many areas, 11 U.S.C. § 105, the requirements of §

543 are not discretionary. In enacting the Bankruptcy Code, Congress clearly established the rules governing the effect of a bankruptcy filing on a prepetition custodianship. Unless the bankruptcy court, proper notice and hearing, excuses turnover under the limited abstention provision of § 543(d), a custodian must on his own initiative stop administering estate property (except to preserve it) and turn it over to the trustee or debtor in possession. 11 U.S.C. § 543(a), (b). Given the myriad of circumstances under which custodians could have been appointed, it is certainly understandable why Congress required that the finely-tuned requirements of the Bankruptcy Code govern who would serve as a bankruptcy fiduciary instead of the vagaries of prepetition orders appointing receivers or other custodians for some or all of the debtor's property. This clearly expressed Congressional intent cannot be circumvented based on an *ad hoc* determination of what might be best for a particular case.

## CONCLUSION

For these reasons, and the reasons set forth in the appellant's brief previously filed, the United States Trustee respectfully requests that this Court reverse the order entered below and remand this case to the bankruptcy court for additional proceedings consistent with such reversal.

Of Counsel:

Roberta A. DeAngelis
Acting General Counsel

Walter W. Theus, Jr.
United States Department of Justice
Executive Office for United States Trustees
20 Massachusetts Avenue, N.W.
Washington, DC 20530
(202) 307-1399

Respectfully Submitted,

Diana G. Adams
Acting United States Trustee

*/s/ Lisa L. Lambert*
Lisa L. Lambert
Office of the United States Trustee
33 Whitehall St., 21st Floor
New York, NY 10004
(212) 510-0500
Lisa.L.Lambert@usdoj.gov

Attorneys for Appellant
Diana G. Adams
Acting United States Trustee
Region 2

10

# Certificate of Compliance and Service

I certify that the preceding brief comports with page limitations of Federal Rule of Bankruptcy Procedure 8010(c). I further certify that on October 20, 2006, copies of this brief were provided to the following parties by first class mail and by additional methods reflected below:

**Bayou Appeal -- Service List**

The Honorable Colleen McMahon
United States District Court
300 Quarropas Street, Room 533
White Plains, New York 10601-4150
*Overnight bound copy*

Jeff J. Marwil
c/o Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
Email Jmarwil@jennerblock.com
*Overnight bound copy*

Elise Scherr Frejka
Dechert, LLP
30 Rockefeller Plaza
New York, NY 10112
Email: elise.frejka@dechert.com
*Overnight bound copy*

Robert M. Novick
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway, 21st Floor
New York, NY 10019
Email: rnovick@kasowitz.com
*Overnight bound copy*

Richard A. Kirby
Preston, Gates, Ellis & Rouvelas
1735 New York Ave., Suite 500
Washington, DC  20006-5209
Email: richardk@prestongates.com
*Overnight bound copy*

Philip Bentley
Kramer Levin Naftalis & Frankel, LLP
1177 Ave. of the Americas
New York, NY 10036
Email: pbentley@kramerlevin.com
*Mail copy*

Lori Lapin Jones
27 Shadow Lane
Great Neck, NY 11021
Email: lorelij007@aol.com
*Mail copy*

Joseph Thomas Moldovan
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022-4731
Email: bankruptcy@morrisoncohen.com
*Mail copy*

George G. Wilder
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, DC 20581
Email: gwilder2@cftc.gov
*Mail copy*